**GRAHAM–WHITE SALES CORPORA-TION, Plaintiff-Appellant,**

v.

**The PRIME MANUFACTURING COMPANY, Defendant-Appellee.**

No. 14845.

United States Court of Appeals
Seventh Circuit.

March 23, 1965.

Wilmer Mechlin, Roger Robb, Washington, D. C., Adrian L. Bateman, Jr., Milwaukee, Wis., for appellant.

Gerrit D. Foster, Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., for defendant-appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

PER CURIAM.

This is a suit for infringement of two patents, Frantz, No. 2,589,794 (No. 794), a control valve for a diesel locomotive sanding system, which issued to Virgil L. Frantz on March 18, 1952 on an application filed January 16, 1947 and Frantz, No. 2,739,570 (No. 570), a bell ringer for diesel locomotives which issued March 27, 1956, on an application filed February 2, 1951.

Plaintiff Graham-White Manufacturing Sales Corporation is the legal owner of both patents by assignment from Virgil L. Frantz. It seeks an injunction and an accounting.

Defendant The Prime Manufacturing Company denied infringement of both patents and asserted invalidity of the patents. As a separate defense, defendant asserted that by reason of the relationship between the parties and the conduct of plaintiff, it (plaintiff) is estopped from maintaining this action.

After a full trial to the court, the district court, Chief Judge Robert E. Tehan presiding, decided the issues as follows:

1. *No. 794:*

(1) That defendant acquired an implied license in Patent No. 794 in the nature of a "shop right" and plaintiff is estopped thereby from suing for infringement.

(2) That Claims 5, 6 and 9 of Patent No. 794 are invalid for lack of inventiveness and for double patenting.

(3) That if Patent No. 794 is valid then defendant's challenged devices would infringe such patent.

2. *No. 570:*

(1) That the invention of Patent No. 570 was made possible by the confidential relationship and contribution of defendant to the development of the bell ringer and that plaintiff is estopped thereby from suing for infringement.

(2) That Claims 1 to 5, inclusive, of Patent No. 570 are invalid due to lack of inventiveness.

(3) That Claim 6 of Patent No. 570 is valid.

The action was dismissed by the district court.

We have carefully reviewed the record, briefs and oral arguments in this appeal. We have studied the extended and scholarly memorandum opinion of Chief Judge Tehan in his decision of the case below. This is reported in 237 F.Supp. 694 (June 30, 1964).

We hold that the findings of fact of the district court are amply supported by the record and are not clearly erroneous and that the district court applied correct legal criteria in arriving at its conclusions of law and judgment of dismissal.

We adopt the opinion of the district court as the opinion of this court and affirm the judgment below on the authority of such opinion.

Our affirmance of the district court on the defense of estoppel would be dispositive of this appeal. In the alternative, we would affirm the holdings below on the issues of validity and infringement.

Affirmed.